# Cesar Cedillo

7229 61ˢᵗ Street, Apt. 2R
Glendale, New York 11385

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2015 MAR 10  A 9: 54

RECEIVED

March 2, 2015

Frank C. Dell'Amore, Esq.
Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530

> **Re:    Carver Federal Savings Bank v. Cesar Cedillo**
> **Adv. Pro. No. 15-1001-ess**

Dear Mr. Dell'Amore:

I submit this letter in response to Carver Federal Savings Bank's ("Carver") complaint filed in the above referenced case. I asked Ortiz & Ortiz, LLP, to prepare this letter for me, since I can not afford – at this time – to retain their services to defend this action. Please accept this letter in lieu of an answer until I can afford to hire an attorney to defend me and file an answer for a short period of time, such as 14 days.

The complaint has five (5) causes of actions against me. The following is my response to those causes of action:

### The First Cause of Action

The first cause of action alleges that I should not receive a discharge of my debt with Carver because of discrepancies in a financial statement I submitted in 2005. The complaint alleges that in my financial statement I represented:

1.    I was the owner/president of Kevin and Richard Plumbing ("Plumbing").

2.    That I was the sole owner of Troutman, 654 Myrtle and 1111 Willoughby.

3.    I had $200,000 worth of personal property.

It states further that during my 2004 Examination, I disclosed that I have never owned Plumbing. Plumbing was not incorporated until several years after the date of my financial statement. When I testified that I did not own an interest in Plumbing, I was referring to the corporation that was formed in 2010 with that name which is owned by one son, Richard E. Cedillo, and Rosa S. Vazquez. I owned a business on Myrtle Avenue with that name, but is was not a corporation. It stopped operating after the financial statement was prepared.

I estimated my investment in a night club as having a value of $200,000 when I described my interest in personal property. That was my personal opinion of this value. There was nothing false or misleading about this. Regarding my interest in the real estate companies named Troutman, 654 Myrtle, and 1111 Willoughby, I simply do not recall all of the circumstances of that listing.

### The Second Cause of Action

The second cause of action alleges that I should not receive a discharge of my debts because prior to my bankruptcy filing I "transferred, removed, destroyed, mutilated or concealed assets of the estate." Specifically, the complaint refers to my transfer of assets to NY Electric.

With regards to my transfer to NY Electric, the transfer was made with the new owner's assumption of tax debt in excess of $180,000. I fully disclosed the terms and nature of this transfer to the Chapter 7 Trustee and Carver. I voluntarily paid for an appraisal of that business and its assets and turned it over to Carver and the Chapter 7 Trustee. The entity is completely insolvent, and had no value when it was transferred. I did nothing wrong in connection with this

transfer. This is not reason to deny my discharge.

## The Third Cause of Action

The third cause of action alleges that I should not receive a discharge of my debts because prior to my bankruptcy filing I "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any record information from which the Debtor's financial condition or business transactions might be ascertained."

I have not purposefully tried to conceal any of my assets. My records were maintained by my bookkeeper, Humbert Suremott. Mr. Suremott maintained the records at his home. Unfortunately, Mr. Suremott's home was damaged by Hurricane Sandy in 2012 and the records were lost. The loss of the records was not made with the intent to hinder, delay or defraud my creditors.

## The Fourth Cause of Action

The fourth cause of action alleges that I should not receive a discharge of my debts because during my bankruptcy case I have "knowingly and fraudulently made a false oath or account and/or presented or used a false claim." For example, the complaint alleges that my "Schedule B fails to disclose the Debtor's security interest in [a] cash register, key cutting machine and "miscellaneous inventory of hardware and tools" and the indebtedness from NY Electric. Also, the complaint claims that in my Statement of Financial Affairs, I failed to disclose income and ownership interests in entities I've owned in the six years preceding my bankruptcy.

Any omission in my schedules was inadvertent. I have no reasons to hide an asset that has no value, like my security interest in an old cash register and insolvent store. I believe that the N.Y. State tax lien on the store's contents would eliminate any possible interest I might have,

so this has no value for me to hide.

I also learned that when my attorney prepared my schedules, there was a mistake in the description of which corporation I owned. Ortiz & Ortiz told me that they informed the attorneys for Carver and the Chapter 7 Trustee that was their error, so Carver knows I did not intentionally make a mistake about the entity I owned an interest in, which was the Hardware store.

### The Fifth Cause of Action

The fifth cause of action alleges that I should be denied a discharge because I have "failed to explain satisfactorily any loss of his assets or deficiency of assets to meet his liabilities." I have fully cooperated with Carver during this bankruptcy case, and this allegation is simply untrue. I have turned over every document I have, and paid for some of my bank records.

Very truly yours,

Cesar Cedillo